UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YAEL BASS            Plaintiff

v.            Civil Action No. 3:24-cv-279

AIDVANTAGE FED. STUDENT LOAN            Defendants
SERVICING AND EQUIFAX
INFORMATION SERVICES, LLC

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendant Maximus Education LLC d/b/a Aidvantage ("Aidvantage")[1] moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 13].[2] Plaintiff Yael Bass ("Bass") has not responded, and the time to do so has expired. This matter is ripe. For the reasons below, Aidvantage's Motion to Dismiss is **GRANTED**. [DE 13].

### I.     BACKGROUND

This action arises from Bass's claims against Aidvantage for violating the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.[3] Bass is considered a "consumer," Aidvantage

---

[1] Incorrectly named as "Aidvantage federal student aid loan servicing" in the Complaint. [DE 1-1].
[2] The Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified motion and memorandum. *See* Local Rule 7.1. Going forward, counsel is advised to file a unified motion.
[3] The factual allegations in the Complaint [DE 1] are considered true for purposes of this motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

is considered a "furnisher of information," and Equifax is considered a "consumer reporting agencies" ("CRA") as defined by 15 U.S.C. § 1681s-2.[4]

In July 2023, Bass accessed her Equifax credit reports and discovered that Aidvantage was furnishing an alleged default history on her Aidvantage student loan account to Equifax. [DE 1-1 at 9]. On discovery, Bass disputed the account to Equifax in writing. [*Id.*]. In August 2023, Bass accessed her Equifax credit report again, and found that the alleged inaccuracy was still reported. [*Id.*].

Although it is unclear, Bass appears to allege that she has a Federal Family Education Loan, serviced by Aidvantage, and Aidvantage furnished negative information about that loan on her Equifax credit report. [DE 1-1 at 10; DE 13-1 at 38]. Bass argues that Aidvantage negligently and willfully violated the FCRA because Aidvantage (1) failed to investigate Bass's direct dispute; (2) failed to evaluate or consider any of Bass's information, claims, or evidence; and (3) failed to make any and/or sufficient attempts to amend or delete its reporting of the disputed items within a reasonable time following receipt of Bass's disputes. [DE 1-1 at 10-11]. Bass asserts that these failures amount to Aidvantage breaching its duties to (1) ensure maximum possible accuracy of consumer reports under 15 U.S.C.§ 1681e(b) and, (2) investigate disputed items under 15 U.S.C. §1681i. [*Id.*].

---

[4] The FCRA defines "consumer" to mean individual. 15 U.S.C. § 1681a(c). The FCRA defines a consumer reporting agency as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." § 1681a(f). The FCRA does not define "furnisher," however, other courts have defined a furnisher as "any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies." *Carney v. Experian Info. Sols., Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999).

## II.      STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Dismissal under Rule 12(b)(6) is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

Because a motion to dismiss challenges the sufficiency of the pleadings, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, to determine whether the plaintiff set forth a "plausible" claim, the Court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In deciding a motion to dismiss, the Court "may consider the Complaint and any exhibits attached

thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

The Sixth Circuit has held that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn*, 878 F.2d 382, 1989 U.S. App. LEXIS 9653, at *4 (6th Cir. 1989) (table) (affirming a grant of an unopposed motion to dismiss). For that reason alone, the Court could grant Defendant's motion. But the Court chooses to address the motion on the merits to complete the record.

### III.   ANALYSIS

Bass contends that Aidvantage willfully and negligently violated 15 U.S.C. § 1681e(b) and § 1681i. However, Aidvantage argues neither subsection applies because Aidvantage is a "furnisher of information" as defined under § 1681s-2, and not a CRA.

Notably, § 1681e(b) and 1681i relate only to the duties of a CRA. *See* § 1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."); *Lewis v. Ohio Pro. Elec. Network LLC*, 248 F. Supp. 2d 693 (S.D. Ohio 2003) (finding that §1681i applies explicitly to consumer reporting agencies.). Only § 1681s-2b provides a private right of action against a furnisher.

Even when filing a claim under § 1681s-2b, "[c]onsumers must file a dispute with a consumer reporting agency to trigger the furnisher's duty to investigate under §1681s-2(b*)." Scott v. First S. Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019); *See also*, *e.g.*, *Merritt v. Experian*, 560

F. App'x 525, 528–29 (6th Cir. 2014) ("Furnishers' of information to consumer reporting agencies do have certain responsibilities to investigate [under the FCRA]—but only after receiving a request from a consumer reporting agency to respond to a dispute."); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 783 n.4 (W.D. Ky. 2003) ("This means that a furnisher of credit information, such as the Bank, has no responsibility to investigate a credit dispute until *after* it receives notice from a consumer reporting agency."). Thus, furnishers *only* have a duty to investigate under § 1681s-2(b) when the CRA informs the furnisher of the dispute, not the consumer.

Considering the allegations as true, Bass's Complaint "fail[s] to state a claim upon which relief can be granted" under FCRA § 1681e(b) and §1681i because these subsections create a private right of action against CRAs, not furnishers. Fed. R. Civ. P. 12(b)(6).[5] Accordingly, Aidvantage's Motion to Dismiss [DE 13] is **GRANTED**.

### IV.   CONCLUSION

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **IT IS ORDERED** Aidvantage's Motion to Dismiss [DE 13] is **GRANTED**.

September 25, 2024

Rebecca Grady Jennings, District Judge
United States District Court

---

[5] Even if Bass intended to assert a claim under § 1681s-2(b), which provides a private right of action for consumers, that claim would still fail. To prevail on a § 1681s-2(b) claim, Bass must allege that a CRA notified Aidvantage of her dispute and failed to investigate accordingly, which she fails to do. [*See* DE 1-1].